IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALBERT L. PUROLA,

    **Plaintiff,**

vs.

    Case No. 2:22-cv-3885
    Judge Michael H. Watson
    Magistrate Judge Elizabeth P. Deavers

MICHELLE HALL, *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Objection to the Magistrate's Recommendations, regarding the Undersigned's recommendation that the Court dismiss Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 41(b). (ECF No. 7 (the "Objection").) Shortly after filing the Objection, Plaintiff filed an Amended Complaint which purports to add three additional named Defendants. (ECF No. 8.) Accordingly, having considered Plaintiff's Objection and in light of Plaintiff's Amended Complaint, the Undersigned **WITHDRAWS** the Report and Recommendation, ECF No. 6.

This matter is therefore before the Undersigned for an initial screen of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Amended Complaint, or any portion of it which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen of Plaintiff's Amended Complaint, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims in their entirety.

1

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

Plaintiff, an Ohio lawyer who is proceeding without the assistance of other counsel, filed this action on November 2, 2022, asserting claims against Michelle Hall, the Chief Assistant Disciplinary Counsel for the Supreme Court of Ohio, and Chief Justice Colleen O'Connor of the Supreme Court of Ohio. (ECF No. 1-1.) On December 27, 2022, Plaintiff amended his Complaint to add Defendants William Klatt, Patricia Wise, and Peggy Schmitz. (ECF No. 8.) Plaintiff generally asserts claims arising out Plaintiff's previous representation of a third party, which resulted in Plaintiff's termination as counsel. (*Id.* at PAGEID ## 4-5.) Plaintiff alleges that upon his termination, Plaintiff informed his former client that they were not entitled to a refund of their retainer fee, and Plaintiff further referred the former client to the Supreme Court if they wished to file a grievance. (*Id.* at PAGEID # 5.)

Plaintiff alleges that Defendant Hall "filed a grievance against [Plaintiff] under color of state law, claiming [Plaintiff's] contract should be modified by giving money back to [Plaintiff's former client]." (*Id.*) Plaintiff alleges that this "runs headlong into Article 1, Section 3 of the United States Constitution which prohibits states from impairing the obligation of contracts." (*Id.*) Plaintiff also alleges that Defendant Chief Justice O'Connor "unilaterally remanded the matter to the board of professional conduct without a hearing," and that both Defendants have "besmirched [Plaintiff's] professional reputation." (*Id.* at PAGEID # 6.) Plaintiff alleges that a final hearing on his grievance was set for November 7, 2022, and asks the Court to stay that hearing "to protect this Court's jurisdiction and avoid the tension of competing facts." (*Id.*) He further seeks "his right to practice be immediately reinstated and a money judgment against each Defendant in an amount to be determined." (*Id.*)

On December 5, 2022, the Undersigned recommended that the Court dismiss Plaintiff's claims in their entirety, "because no matter how liberally the Court construes Plaintiff's allegations, it is inappropriate for this federal court to interfere with an ongoing disciplinary action pending in state court," citing to the *Rooker-Feldman* doctrine, and because Plaintiff's claims against Defendant Chief Justice O'Connor are barred by the law of absolute judicial immunity.  (ECF No. 6 at PAGEID ## 22-24.)  In response, Plaintiff filed his Objection and argued that the *Rooker-Feldman* doctrine "is not what this case is about" because Plaintiff has implicated the Contracts clause of the United States Constitution, and that judicial immunity "is not what happened here" because Defendant Chief Justice O'Connor "was acting as a factotum for the bar association, part of the disciplinary process," and not "as a judge."  (ECF No. 7.)  Plaintiff then filed an Amended Complaint on December 27, 2022.  (ECF No. 8.)

Plaintiff's Amended Complaint, however, is merely a verbatim resubmission of Plaintiff's original Complaint, with the following parenthetical disclaimer added to preface Plaintiff's allegations:  "(AFTER BEING NOTIFIED OF MY DEFENSE BASED ON THE OBLIGATION OF CONTRACTS CLAUSE OF THE FEDERAL CONSTITUTION, THESE STATE ACTORS FORMALLY RECOMMENDED I BE SUSPENDED FROM PRACTICING LAW)."  (ECF No. 8 at PAGEID # 30.)  Of note, Plaintiff's Amended Complaint only mentions the newly-added Defendants once, and only to clarify that Plaintiff's claims are against each Defendant in both their official and individual capacities.  (*Id.*)

Upon review of Plaintiff's Amended Complaint, the Undersigned finds that these amendments do not cure the deficiencies in Plaintiff's claims which the Undersigned previously analyzed.  First, for example, neither Plaintiff's Objection nor Plaintiff's Amended Complaint convinces the Undersigned that this action is anything more than Plaintiff's attempt to have a

federal court interfere with Plaintiff's ongoing disciplinary action which is pending in state court. As the Undersigned previously noted, this interference is inappropriate. *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009) ("[Plaintiff] cannot seek collateral review of her state disbarment proceedings in federal court."); *see also Saier v. State Bar of Michigan,* 293 F.2d 756, 759-760 (6th Cir. 1961) (noting federal courts do not sit in review of state bar disciplinary proceedings). Again, Plaintiff is asking this Court to do just that – he asks this Court to stay and/or overrule the outcome of the disciplinary action against him, because he believes Defendant Hall's argument in the underlying disciplinary action was unconstitutional and because he believes Defendant Chief Justice O'Connor should have held a hearing. (ECF No. 8 at PAGEID ## 32-33.)

For this reason, the Undersigned similarly disagrees with Plaintiff's position that the *Rooker-Feldman* doctrine "is not what this case is about." (ECF No. 7 at PAGEID # 26.) As the Undersigned previously noted, the *Rooker-Feldman* doctrine limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d at 548 (internal citations omitted). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a

6

claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.  Here, as in *In re Cook*, the *Rooker-Feldman* doctrine applies and "precludes review of any claims arising directly out of [Plaintiff's] state disbarment proceedings." *Id.*; *see also In re Squire*, No. 1:11-MC-053-GLF, 2012 WL 995300, at *4 (S.D. Ohio Mar. 22, 2012) ("[T]o the extent that Respondent is asking this Court to invalidate the Ohio Supreme Court's disciplinary decision, Respondent is seeking such relief in the wrong forum.").

The Undersigned likewise disagrees with Plaintiff that Defendant Chief Justice O'Connor "was not acting as a judge" in the events underlying this action.  (ECF No. 7 at PAGEID # 27.) To the contrary, bar discipline is the responsibility of the Supreme Court of Ohio under Ohio law.  *See* Ohio Const. art. IV, §2(B)(1)(g).  Plaintiff has failed to allege any facts which, even when construed in his favor, suggest that Defendant Chief Justice O'Connor was not presiding over the underlying disciplinary proceedings in her capacity as Chief Justice of the Supreme Court of Ohio pursuant to the Ohio Constitution.  Accordingly, the Undersigned again concludes that Plaintiff's claims against Defendant Chief Justice O'Connor should be dismissed because Defendant Chief Justice O'Connor is entitled to absolute judicial immunity as the Chief Justice of the Supreme Court of Ohio.  *Padgett v. Kentucky*, No. 1:21-CV-12, 2021 WL 215647, at *3 (S.D. Ohio Jan. 21, 2021) ("Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them.") (collecting cases).  Here, Plaintiff merely alleges that he disagrees with how Defendant Chief Justice O'Connor has presided over the underlying disciplinary action.  (*See generally* ECF No. 1-1.)  Such allegations are exactly the type which entitle Defendant Chief Justice O'Connor to judicial immunity.  *Lloyd v. Pokorny*,

7

No. 2:20-CV-2928, 2020 WL 4436350, at *6 (S.D. Ohio Aug. 3, 2020), *appeal dismissed*, No. 20-3928, 2020 WL 7062663 (6th Cir. Nov. 3, 2020) ("While Plaintiff may disagree with the actions Chief Justice O'Connor took, they were all taken in the course of her duties as the Chief Justice of the Ohio Supreme Court and thus, Chief Justice O'Connor is entitled to absolute immunity for all claims against her[.]").

Finally, Plaintiff's Amended Complaint does not include any specific allegations against Defendants William Klatt, Patricia Wise, and Peggy Schmitz, the three individuals added to the Plaintiff's Amended Complaint. (*See* ECF No. 8.) Even under the liberal construction afford to *pro se* complaints, even given the he is a lawyer, Plaintiff's claims against these new Defendants must be dismissed. *Allah v. Smith*, No. 2:22-CV-21, 2022 WL 394374, at *4 (S.D. Ohio Feb. 9, 2022) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.") (citing *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012)).

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims in their entirety.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: February 23, 2023**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**